IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHAWN TITUS,<br><br>            Petitioner,<br><br>vs.<br><br>DIANE SABATKA-RINE,<br><br>            Respondent. | 8:23CV36<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on preliminary review of Petitioner Shawn Titus's Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254. Also before the Court are Petitioner's Motion for Bail, Filing No. 5; Motion for Hearing, Filing No. 6; and Motion for Status, Filing No. 11.

**A. Preliminary Review**

The purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner's claims are:

Claim One: There was insufficient evidence to support Petitioner's plea because the State improperly relied upon Petitioner's uncorroborated out-of-court statements to show criminal conduct and injury in violation of Petitioner's rights under the First, Fourth, Fifth, and Fourteenth Amendments, and in violation of Article VI, § 2 of the United States Constitution.

Claim Two: Petitioner received ineffective assistance of trial and appellate counsel in violation of the Sixth Amendment because counsel (1)

failed to assert Petitioner's First Amendment rights as an affirmative defense in the trial court and on appeal; (2) induced Petitioner to enter the plea agreement through improper means; (3) failed to assert Petitioner's innocence and object to the trial court's failure to resolve the conflict between Petitioner's claim of innocence and waiver of trial and assign this as plain error on appeal; (4) failed to place the plea agreement on the record; (5) failed to object to, and assign as error on appeal, the trial court's references during sentencing to Petitioner's implied uncharged conduct, inaccurate information, and Petitioner's silence; and (6) failed to object to, and assign as error on appeal, the trial court's acceptance of the plea.

The Court determines that these claims, when liberally construed, are potentially cognizable in federal court. However, the Court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

### B. Petitioner's Other Pending Motions

Petitioner asks this Court to release him on bail pending a final decision in this matter, Filing No. 5, and requests a hearing, Filing No. 6. Federal district courts have the inherent power to grant state prisoners bail during the pendency of a federal habeas corpus proceeding. See *Martin v. Solem*, 801 F.2d 324, 329-30 (8th Cir. 1986). However, such power can be exercised only in exceptional cases and where special circumstances exist. See *id.* In support of his request for bail, Petitioner essentially summarizes the grounds for his Petition and argues that bail is warranted because he is likely to succeed

on his claims. Petitioner has not presented an exceptional or special circumstance warranting bail pending disposition of the Petition. Further, the Court has reviewed Petitioner's arguments in the Motion for Hearing and concludes a hearing on the Motion for Bail is unnecessary. Accordingly, the Motion for Bail and Motion for Hearing will be denied.

In his Motion for Status, Petitioner expresses concern over whether his filings have all been received by the Court because he mailed them in two separate envelopes and requests a "docket listing." Filing No. 11. The Court received Petitioner's petition, Filing No. 1, Index of Issues Raised, Filing No. 4, Motion for Bail, Fiing No. 5, Motion for Hearing, Filing No. 6, and 91-page Evidence Index in Support of § 2254, Filing No. 7, on January 27, 2023. On March 21, 2023, the Court received a letter from Petitioner dated March 17, 2023, explaining that he was resending Exhibits 2 – 7 and A – D, which he attached to the letter and totaled 112 pages. Filing No. 10. Thus, the record appears to be complete, and Plaintiff's concerns are addressed by this Memorandum and Order. Accordingly, the Motion for Status is granted consistent with this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the habeas corpus petition, Filing No. 1, the Court preliminarily determines that Petitioner's Claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court.

2. By **July 7, 2023**, Respondent must file a motion for summary judgment or state court records in support of an answer. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **July 7, 2023**: deadline

3

for Respondent to file state court records in support of answer or motion for summary judgment.

    3.    If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

        A.    The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

        B.    The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

        C.    Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

        D.    No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the

        motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the Court.

    E.    No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

    F.    If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

4.    If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

    A.    By **July 7, 2023**, Respondent must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

    B.    No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied

by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C. Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the Court.

6

  E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

  F. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **August 8, 2023**: check for Respondent's answer and separate brief.

5. No discovery shall be undertaken without leave of the Court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

6. For the reasons stated, Petitioner's Motion for Bail, Filing No. 5, and Motion for Hearing, Filing No. 6, are denied. Petitioner's Motion for Status, Filing No. 11, is granted consistent with this Memorandum and Order.

Dated this 22nd day of May, 2023.

BY THE COURT:

*[signature]*

Joseph F. Bataillon
Senior United States District Judge