IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHAWN TITUS,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>DIANE SABATKA-RINE,<br><br>　　　　　　Respondent. | 8:23CV36<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Petitioner's Interlocutory Appeal, Filing No. 16, and several motions filed by the parties. This Memorandum and Order addresses Petitioner's Motion to Restate Claims, Filing No. 15, and Motion to Amend Petition, Filing No. 18. Also before the Court are Respondent's Motion to Substitute Party, Filing No. 14, and Motion for Extension of Time, Filing No. 19.

## I. BACKGROUND

Petitioner filed his Habeas Petition on January 27, 2023, Filing No. 1. On initial review, the Court determined that Petitioner's claims were potentially cognizable in federal court. Filing No. 12 at 1. The Court summarized Petitioner's claims as follows:

Claim One: There was insufficient evidence to support Petitioner's plea because the State improperly relied upon Petitioner's uncorroborated out-of-court statements to show criminal conduct and injury in violation of Petitioner's rights under the First, Fourth, Fifth, and Fourteenth Amendments, and in violation of Article VI, § 2 of the United States Constitution.

Claim Two: Petitioner received ineffective assistance of trial and appellate counsel in violation of the Sixth Amendment because counsel (1) failed to assert Petitioner's First Amendment rights as an affirmative defense in the trial court and on appeal; (2) induced Petitioner to enter the plea agreement through improper means; (3) failed to assert Petitioner's innocence and object to the trial court's failure to resolve the conflict between Petitioner's claim of innocence and waiver of trial

> and assign this as plain error on appeal; (4) failed to place the plea agreement on the record; (5) failed to object to, and assign as error on appeal, the trial court's references during sentencing to Petitioner's implied uncharged conduct, inaccurate information, and Petitioner's silence; and (6) failed to object to, and assign as error on appeal, the trial court's acceptance of the plea.

Filing No. 12 at 1-2. The Court ordered Respondent to file a motion for summary judgment or an answer, and to file all relevant state court records, on or before July 7, 2023. Filing No. 12 at 4-5.

The Court also denied Petitioner's Motion for Bail pending a final decision on his habeas petition. Filing No. 12 at 2-3. The Court reviewed the record and concluded that a bail hearing was unnecessary. Filing No. 12 at 3. Petitioner filed an interlocutory appeal, challenging the Court's denial of his Motion for Bail, Filing No. 16.

## II.  DISCUSSION

### A. Interlocutory Appeal

In his Notice of Appeal, Petitioner seeks to appeal the Court's Memorandum and Order dated May 22, 2023, denying Petitioner's Motion for Bail. Filing No. 16. However, that Memorandum and Order is not a final order, and judgment has not been entered in this matter. Petitioner's Notice of Appeal is therefore construed as a Motion for Interlocutory Appeal. As set forth in 28 U.S.C. § 1292(b), an interlocutory appeal is warranted if the decision sought to be appealed involves a controlling question of law as to which substantial grounds for difference of opinion exist, so that an immediate appeal could materially advance the ultimate termination of this litigation. 28 U.S.C. § 1292(b).

Here, no such "controlling question of law" is implicated. The Court's May 22, 2023, Memorandum and Order does not involve controlling questions of law as to which there is substantial ground for difference of opinion, and an immediate appeal would not

materially advance the ultimate termination of this litigation. Therefore, there is no reason why the present appeal should proceed prior to entry of a final judgment in this matter. For these reasons, Petitioner's Notice of Appeal, construed as a Motion for Interlocutory Appeal, is denied.

**B. Petitioner's Motions to Restate Claims and Amend Petition**

Petitioner's Motion to Restate Claims, Filing No. 15, appears to take issue with the way the Court summarized and condensed Petitioner's claims in the Memorandum and Order dated May 22, 2023. In the Motion, Petitioner expresses concern that the Court's summary omitted language from both claims in the Petition and, as a result, the Respondent would not be required to respond to certain aspects of Petitioner's claim. Petitioner's concern is noted but misplaced. The Court's summary of his claims was just that, a summary. The Court reviewed the claims and permitted them to proceed without qualification. The Petition, not the Court's summary, governs the scope of Petitioner's claims. Accordingly, restating the claims is unnecessary. However, the Court will grant Petitioner's Motion so that the Court's summary now reads as follows:

Claim One: There was insufficient evidence to support Petitioner's plea and the plea was not voluntarily, knowingly, intelligently made, because the State improperly relied upon Petitioner's uncorroborated out-of-court statements to show criminal conduct and injury in violation of Petitioner's rights under the First, Fourth, Fifth, and Fourteenth Amendments, and in violation of Article VI, § 2 of the United States Constitution.

Claim Two: Petitioner received ineffective assistance of trial and appellate counsel in violation of the Sixth Amendment because counsel (1) failed to assert Petitioner's First Amendment rights as an affirmative defense in the trial court and on appeal and "failed to assert current holdings requiring his discharge," Filing No. 15 at 2; (2) induced Petitioner to enter the plea agreement through improper means; (3) failed to assert Petitioner's innocence and object to the trial court's failure to resolve the conflict between Petitioner's claim of innocence and waiver of

3

>trial and assign this as plain error on appeal; (4) failed to place the plea agreement on the record; (5) failed to object to, and assign as error on appeal, the trial court's references during sentencing to Petitioner's implied uncharged conduct, inaccurate information, and Petitioner's silence; and (6) failed to object to, and assign as error on appeal, the trial court's acceptance of the plea.

Similarly, Petitioner's Motion to Amend, Filing No. 18, seeks leave to add additional facts to each of Petitioner's claims. Under Federal Rule of Civil Procedure 15, Petitioner may amend his petition with "leave of court," which should "be freely given when justice so requires."[1] Fed. R. Civ. P. 15(a). However, the Court may deny leave to amend when doing so would result in "undue delay, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Moore-El v. Luebbers*, 446 F.3d 890, 901-02 (8th Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Petitioner did not submit a proposed amended petition and explained that he "does not have time to rewrite his entire petition just to include several sentences." Filing No. 18 at 2. Nor does Petitioner indicate how or where the proposed sentences in his Motion to Amend fit within his claims. But as best the Court can tell from the proposed amendments, Petitioner does not seek to add additional claims or change the nature of his claims. Petitioner's proposed amendments only add factual detail to each of his claims. Although additional detail is not necessary for the Petition because it has already survived initial review, the Court will grant Petitioner's Motion and permit him to add the additional sentences. However, because Petitioner does not specify how the additional sentences fit within his claims, the Court will construe his Motion to Amend as a motion

---

[1] Fed. R. Civ. P. 15 is applicable to habeas petitions through Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts. *Mayle v. Felix*, 545 U.S. 644, 655 (2005).

to supplement under NECivR 15.1(b). The additional information in Filing No. 18 shall supplement, but not supersede, the original Petition.

**C. Motion to Substitute Respondent**

Respondent files a Motion to Substitute Appropriate Respondent. Filing No. 7. Upon careful consideration, the Court concludes the Motion should be granted.

**D. Motion to Extend**

Respondent moves for an extension of time to file either a motion for summary judgment or state court records in support of an answer, Filing No. 19. Specifically, Respondent requests an extension to August 7, 2023, to file either a motion for summary judgment or state court records in support of an answer. In support, counsel for Respondent notes that no previous extensions have been filed, he has had other pending cases, and he has had to be out of the office for personal and medical reasons. Filing No. 19 at 1-2. The Court concludes that, for good cause shown, the Motion to Extend will be granted. The Court will set new deadlines as stated below.

IT IS THEREFORE ORDERED that:

1. Petitioner's Notice of Appeal, Filing No. 16, construed as a Motion for Interlocutory Appeal, is denied. The Clerk of the Court is directed not to process the Notice of Appeal.

2. Petitioner's Motion to Restate Claims, Filing No. 15, and Motion to Amend Petition, Filing No. 18, are granted, consistent with this Memorandum and Order.

3. Respondent's Motion to Substitute Appropriate Respondent, Filing No. 14, is granted. The Clerk's office is directed to update the Court's records to reflect that Rob Jeffreys is the sole proper respondent in this action.

4. Respondent's Motion for Extension of Time to File Responsive Pleading, Filing No. 19, is granted. Respondent shall have until **August 7, 2023**, to file and serve a motion for summary judgment or state court records in support of an answer.

5. The Clerk of the Court is directed to terminate the previous pro se case management deadlines of July 7, 2023, and August 8, 2023, and set new pro se case management deadlines in this case using the following text:

> A. **August 7, 2023**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.
>
> B. **September 6, 2023**: check for Respondent's answer and separate brief.

Apart from the extensions of Respondent's deadlines above, this matter will otherwise proceed as set forth in the Court's May 22, 2023, Memorandum and Order, Filing No. 12.

Dated this 26th day of July, 2023.

BY THE COURT:

*/s/ Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Judge