IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHAWN TITUS, | |
| Petitioner, | **8:23CV36** |
| vs. | |
| ROB JEFFREYS, | **MEMORANDUM AND ORDER** |
| Respondent. | |

This matter comes before the Court on Shawn Titus's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Filing No. 1. Respondent, Rob Jeffreys, has answered and filed the relevant state court records. *See* Filing No. 27 (Answer); Filing No. 26 (State Court Records). Also before the Court are Petitioner's Motion for Additional Records, Filing No. 29; Supplemental Motion for Additional Records, Filing No. 30; Motion for Discovery, Filing No. 32; Motion for Appointment of Counsel, Filing No. 33; Motion for Leave to File Supplemental Brief, Filing No. 36; Motion for Evidentiary Hearing, Filing No. 37; and Motion for Documents, Filing No. 38. The Court has considered Petitioner's Supplemental Brief, accordingly the Motion for Leave to file Supplemental Brief will be granted. Petitioner's remaining Motions will be denied.

Upon consideration of the briefing provided by both parties and application of the relevant law, the Court finds both of Petitioner's habeas claims are procedurally defaulted pursuant to 28 U.S.C. § 2254(b)(1)(A). Accordingly, the Petition is denied, and this case is dismissed with prejudice.

# I. BACKGROUND

## A. Facts[1]

Petitioner was initially charged with first-degree sexual assault, a Class II felony. During a preliminary hearing, a police detective testified about his investigation into the alleged assault. Petitioner's case was bound over to district court, where Petitioner filed a plea in abatement. At the hearing, the court reviewed the transcript of the preliminary hearing to determine probable cause. The district court overruled the plea in abatement, finding that the evidence indicated the victim, A.M., was too intoxicated to resist or understand Petitioner's actions. Subsequently, an information was filed in district court charging Petitioner with first-degree sexual assault under Neb. Rev. Stat. § 28-319(1)(a)(b) (Reissue 2016), a Class II felony. An amended information later charged Petitioner with attempted first-degree sexual assault under Neb. Rev. Stat. § 28-201(4)(b) (Cum. Supp. 2018), a Class IIA felony.

On August 6, 2018, the district court held a plea hearing. The district court had been advised that the parties agreed to a plea agreement. As part of the plea agreement, the State filed an amended information with a reduced charge in exchange for Petitioner's no contest plea. The court described Petitioner's plea as an "Alford plea" or "best interest plea." The court confirmed with Petitioner that he understood the plea agreement and the rights he would be waiving. Petitioner acknowledged that the offense carried a potential penalty of up to 20 years' imprisonment with no minimum penalty. The court

---

[1] The facts are not in dispute. The Court's recitation of the facts is primarily drawn from the Petition, Filing No. 1, Petitioner's supporting brief, Filing No. 31, Respondent's Brief, Filing No. 28, and the Nebraska Court of Appeals opinion in *State v. Titus*, No. A-18-1096, 2019 WL 3562180, at *1 (Neb. Ct. App. Aug. 6, 2019).

also explained that it was not bound by any bond or sentencing recommendations. Petitioner indicated that he understood.

The State provided a factual basis to support its allegations. The State asserted that on May 13, 2017, A.M. was working at LaVista Keno in LaVista, Sarpy County, Nebraska. After her shift, she stayed to drink with friends. Petitioner arrived at LaVista Keno, and A.M. remembers talking to him and buying him a drink. The next thing A.M. remembered was waking up naked in Petitioner's bed.

The State alleged that witnesses at LaVista Keno saw Petitioner with A.M., and surveillance footage showed her struggling to stand due to intoxication. Petitioner then carried A.M. out of the LaVista Keno. Despite knowing she had arranged a ride home, Petitioner took A.M. to his house. On the way, he stopped at a gas station where one of A.M.'s coworkers noticed A.M. unconscious in the car and reminded Petitioner that A.M. had a ride home. Petitioner assured the coworker he would take care of her.

The State asserted that A.M. woke up the next morning in Petitioner's bed, unaware of what had happened. Petitioner later told A.M. they had sex. A.M. said she did not consent to any sexual contact. The State alleged that given A.M.'s state of intoxication, she was unable to consent, and Petitioner was aware of her inability to consent.

Petitioner's trial counsel noted that this was an Alford plea, meaning Petitioner did not agree with the factual basis but accepted the plea agreement. The district court recognized that it was an Alford plea and that Petitioner did not agree with the State's factual basis. The district court accepted Petitioner's no contest plea, found him guilty of

attempted first-degree sexual assault, and set a sentencing date. Petitioner was sentenced to 15 to 20 years' imprisonment with credit for 262 days served.

## B. Direct Appeal

Petitioner appealed his conviction and sentence, arguing that the sentence was excessive and that he received ineffective assistance of trial counsel in various respects. See Filing No. 26-3 at 5. Petitioner's counsel on appeal was different than his counsel at trial. *See* Filing No. 26-3 at 4. On August 6, 2019, the Nebraska Court of Appeals affirmed his conviction and sentence. Petitioner did not seek further review.

## C. State Postconviction Proceedings

In September 2019, Petitioner filed a pro se motion for postconviction relief, presenting thirteen claims. Petitioner's claims included three of the six allegations of ineffective assistance of trial counsel preserved in his direct appeal (failing to obtain or consult with an expert witness, failing to request recusal of the trial judge and prosecutor because of the pendency of Petitioner's federal court lawsuit, and failing to advise Petitioner that acceptance of the plea negated his ability to appeal the denial of his plea in abatement); nine new allegations of ineffective assistance of appellate counsel; and an allegation that the "[g]overnment breached the plea agreement" because the "State was supposed to stand silent at sentencing, but argued at length for a sentence of imprisonment." Filing No. 26-4 at 2. In February 2020, the district court granted an evidentiary hearing for some claims and appointed counsel for Petitioner. The court denied other claims and Petitioner's request to amend his motion.

The district court held an evidentiary hearing on March 24, 2021, with additional exhibits presented in a continued hearing on April 20. The Court accepted four exhibits

at the first hearing: transcripts of the plea and sentencing hearings; the deposition of Petitioner's trial counsel; the deposition of the deputy county attorney from Petitioner's trial; and the deposition of Petitioner's appellate counsel. After the April 20 hearing, the court accepted Petitioner's affidavit as an aid to the court but not substantive evidence.

On July 6, 2021, the district court issued an order nunc pro tunc, clarifying the issues related to the plea agreement and ineffective assistance of counsel. On July 21, 2021, the court denied Petitioner's request for postconviction relief, finding no ineffectiveness of counsel and no breach of the plea agreement. The court noted that Petitioner conceded that his trial counsel had consulted with an expert witness and that Petitioner had told his trial counsel that he would be dismissing his federal lawsuit prior to sentencing. Petitioner also acknowledged that his trial counsel informed Petitioner that entering a plea would result in a waiver of all defenses.

In an order entered on September 1, 2021, the district court specified that, while its order denying Petitioner's motion for postconviction relief found that trial counsel was not ineffective, implicit in that finding was that "appellate counsel could not be ineffective for failing to assign error that which is not error." Filing No. 26-4 at 3.

Petitioner appealed the denial of postconviction relief, arguing procedural errors and ineffective assistance of postconviction counsel. Petitioner argued the district court erred by (1) committing various plain error, due process violations; (2) finding that the State had not agreed to stand silent at sentencing and that trial counsel did not provide ineffective assistance in that regard; and (3) refusing to grant leave to amend his original postconviction motion. Petitioner also argued his postconviction counsel was ineffective.

5

On July 5, 2022, the Nebraska Court of Appeals affirmed the district court's judgment, finding no procedural errors or ineffective assistance of counsel. The Nebraska Court of Appeals determined that the alleged plain error and due process violations were procedurally barred. On the district court's determination that the State had not agreed to stand silent at sentencing, the Court of Appeals deferred to the state district court's factual findings on Petitioner's trial counsel's and the deputy county attorney's conflicting understandings of the plea agreement terms. The Court of Appeals concluded the district court's factual findings were not clearly erroneous. Petitioner's subsequent motions for rehearing and further review were denied.

## D. Federal Habeas Claims

On January 27, 2023, Petitioner filed the Petition in this case, alleging insufficient evidence to support his plea and ineffective assistance of trial and appellate counsel. Petitioner's claims are as follows:

Claim One:    There was insufficient evidence to support Petitioner's plea and the plea was not voluntarily, knowingly, intelligently made, because the State improperly relied upon Petitioner's uncorroborated out-of-court statements to show criminal conduct and injury in violation of Petitioner's rights under the First, Fourth, Fifth, and Fourteenth Amendments, and in violation of Article VI, § 2 of the United States Constitution.

Claim Two:    Petitioner received ineffective assistance of trial and appellate counsel in violation of the Sixth Amendment because counsel (1) failed to assert Petitioner's First Amendment rights as an affirmative defense in the trial court and on appeal and "failed to assert current holdings requiring his discharge," Filing No. 15 at 2; (2) induced Petitioner to enter the plea agreement through improper means; (3) failed to assert Petitioner's innocence and object to the trial court's failure to resolve the conflict between Petitioner's claim of innocence and waiver of trial and assign this as plain error on appeal; (4) failed to place the plea agreement on the record; (5) failed to object to, and assign as error on appeal, the trial court's references during sentencing to Petitioner's implied uncharged conduct,

6

> inaccurate information, and Petitioner's silence; and (6) failed to object to, and assign as error on appeal, the trial court's acceptance of the plea.

Filing No. 20 at 3–4.

Respondent argues that both claims are procedurally defaulted.  Filing No. 28 at 11.  The parties have briefed each of the issues. Upon review of the filings of record, an evidentiary hearing is not warranted.   Petitioner's habeas claims are therefore fully submitted.

## II.  OVERVIEW OF APPLICABLE LAW

Under Section 2254, in the absence of exceptional circumstances not present in this case, a state prisoner must exhaust his currently available state remedies before invoking federal habeas jurisdiction, by providing the state courts the opportunity to consider and correct alleged violations of federal rights.  28 U.S.C. § 2254(b)(1)(A); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  Put another way, a federal habeas court may not consider the merits of a petitioner's unexhausted claims. *Williams v. Groose*, 77 F.3d 259, 262 (8th Cir. 1996).

Respondent contends that all the claims set forth in the Petition are procedurally defaulted, rendering this Court unable to review the merits of any of Petitioner's claims and requiring dismissal of the Petition in its entirety with prejudice.  Filing No. 28 at 11, 16.  Because consideration of the doctrines of procedural default and ineffective assistance of counsel are relevant to resolution of the claims set forth in the Petition, the Court elaborates upon those concepts next so that it may apply them later in a summary fashion as it reviews Petitioner's claims.

## A. Procedural Default

"Procedural default occurs when 'a state court decline[s] to hear [a claim] because the prisoner failed to abide by a state procedural rule.'" *Thomas v. Payne*, 960 F.3d 465, 472 (8th Cir. 2020) (quoting *Martinez v. Ryan*, 566 U.S. 1, 9 (2012)). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims, has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991), *holding modified by Martinez*, 566 U.S. at 9.

Because a claim that is procedurally defaulted at the state level is "technically exhausted" as there are no further remedies available in the courts of the state, a petitioner could seek federal habeas review of those "exhausted" claims but for the so-called independent and adequate state ground doctrine. *Coleman*, 501 U.S. at 732; *see also Gray v. Netherland,* 518 U.S. 152, 161 (1996). The Supreme Court explained the doctrine and its applicability to habeas review as follows:

> Title 28 U.S.C. § 2254(b) bars the granting of habeas corpus relief "unless it appears that the [petitioner] has exhausted the remedies available in the courts of the State." Because "this requirement . . . refers only to remedies available at the time of the federal petition," *Engle v. Isaac,* 456 U.S. 107, 125, n. 28 . . . (1982), it is satisfied "if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law," *Castille v. Peoples,* 489 U.S. 346, 351 . . . (1989). However, the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence and, thus, prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default. *Teague v. Lane,* [489 U.S. 288,] 298 [(1989)]; *Isaac, supra*, at 125, n. 28 . . .; *Wainwright v. Sykes,* 433 U.S. 72, 90–91 . . . (1977).

*Gray,* 518 U.S. at 161–62. Therefore, unless cause and prejudice are established, a federal court cannot review a question of federal law decided by a state court "if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment" regardless of whether the state law ground is substantive or procedural. *Coleman*, 501 U.S. at 729 (citing *Fox Film Corp. v. Muller,* 296 U.S. 207, 210 (1935); *Klinger v. Missouri,* 13 Wall. 257, 263, 20 L.Ed. 635 (1872); *Herndon v. Georgia,* 295 U.S. 441 (1935)).

Where a claim has not been formally exhausted, and a state procedural rule was the reason state review of a claim was denied, that basis for denial was clearly stated, and there are no other state remedies available, the claim is procedurally defaulted and technically exhausted and precludes federal review under the independent and adequate state ground doctrine. *Id.* at 732 (citing 28 U.S.C. § 2254(b); *Engle v. Isaac,* 456 U.S. at 125–126, n. 28 (1982)). In the event an unexhausted claim has not actually been raised and rejected by the state courts on a procedural ground, so no basis for denial has been stated by the state courts, the claim still is subject to an anticipatory procedural default and is precluded from federal habeas review if it is clear the claim would be rejected because of an independent and adequate state procedural rule "regardless of the decision of the last state court to which the petitioner actually presented his claims." *Id.* at 735 n.1 (citing *Harris v. Reed*, 489 U.S. 255, 269–270 (1989) (O'CONNOR, J., concurring)); *Teague*, 489 U.S. at 297–98).

**B. Nebraska Law Relevant to Procedural Default**

"The Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 *et seq.* (Reissue [2016 & Supp. 2023]), is available to a defendant to show that his or her conviction was

obtained in violation of his or her constitutional rights," however, "the need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity." *State v. Sims*, 761 N.W.2d 527, 533 (Neb. 2009). "[A]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *Id.* Furthermore, in 2011, the Nebraska Legislature created a one–year time limit for filing a verified motion for postconviction relief. *See* Neb. Rev. Stat. § 29–3001(4); *State v. Smith*, 834 N.W.2d 799, 801 (Neb. 2013).

## C. Ineffective Assistance of Counsel

Under the Sixth Amendment to the Constitution, criminal defendants have a right to reasonably effective representation by counsel. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). In general, a defendant who claims ineffective assistance of counsel must show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense. *Id.* To establish deficient performance, a criminal defendant "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To meet the second prong of *Strickland*, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*at 694.

## III.  DISCUSSION

For the reasons that follow, the Court finds that all claims are procedurally defaulted, and the Petition shall be dismissed with prejudice in its entirety.

**A. Petitioner's Claim I**

In Claim I, Petitioner argues there was insufficient evidence to support his plea and his plea was invalid because the State improperly relied upon Petitioner's uncorroborated out-of-court statements to show criminal conduct and injury. Respondent argues that Petitioner failed to raise this ground either on direct appeal or in his postconviction motion.

As noted above, under federal law, a state prisoner must present the substance of each federal constitutional claim to the state courts before seeking federal habeas corpus relief. A federal habeas court may not review a state prisoner's federal claims if those claims were defaulted in state court pursuant to an independent and adequate state procedural rule "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

In Nebraska, a person seeking post-conviction relief must specifically present his or her claim to the district court or the Nebraska appellate courts will not consider the claim on appeal. *State v. Deckard*, 722 N.W.2d 55, 63 (Neb. 2006) (denying postconviction relief in a murder case and stating: "An appellate court will not consider as an assignment of error a question not presented to the district court for disposition through a defendant's motion for postconviction relief."). Similarly, on appeal, the appealing party must both assign the specific error and specifically argue that error in the brief. *State v. Henry*, 875 N.W.2d 374, 407 (Neb. 2016). Otherwise, the claim is defaulted under Nebraska law. *Id.* (stating an alleged error must be both specifically assigned and

11

specifically argued in the brief of the party asserting the error to be considered by an appellate court).

Petitioner did not raise the issue in Claim I in his direct appeal or in his state postconviction motion. Petitioner first directly raised this issue in his brief supporting his request for rehearing on his state postconviction appeal in the Nebraska Court of Appeals. *See* Filing No. 26-12 at 8; *see also* Filing No. 26-4 at 4. Because Petitioner failed to raise the claim on direct appeal or in his postconviction motion before the state district court, the claim is procedurally defaulted.

Petitioner attempts to argue that Claim I is not defaulted because he did raise the issue "to the best of his ability." Filing No. 31 at 19. "Resolving whether a petitioner has fairly presented his claim to the state courts, thus permitting federal review of the matter, is an intrinsically federal issue that must be determined by the federal courts." *Wyldes v. Hundley*, 69 F.3d 247, 251 (8th Cir. 1995). "In order to 'fairly present' a claim, 'a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.'" *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015) (quoting *Barrett v. Acevedo*, 169 F.3d 1155, 1161-62 (8th Cir. 1999) (en banc)). "This requirement is not met by '[p]resenting a claim that is merely similar to the federal habeas claim.'" *Id.* (quoting *Barrett*, 169 F.3d at 1162); *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) (noting "'[i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution'") (quoting *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S.Ct. 887, 887, 130 L.Ed.2d 865 (1995)).

Petitioner does not deny that he did not directly raise the issue in Claim I until his request for rehearing on his state postconviction appeal in the Nebraska Court of Appeals. Nevertheless, Petitioner argues that he raised the "criminalization of free speech" in various filings and arguments throughout his postconviction and appeals process.  *See* Filing No. 31 at 19-22.  Having reviewed Petitioner's arguments, *see* Filing No. 31 at 14, 16-19; and conducted an independent review of the documents he references,[2] the Court concludes that Petitioner did not present a claim that was similar to Claim I previous to his federal habeas petition, let alone "fairly present" the issue in Claim I.  Thus, Petitioner did not provide an opportunity for the state court to consider his argument under Claim I, and it is procedurally defaulted.

## B.  Petitioner's Claim II

Petitioner's second habeas claim is also procedurally defaulted.  In his second claim, Petitioner asserts ineffective assistance of counsel on six different subparts. Petitioner alleges trial and appellate counsel (1) failed to assert Petitioner's First Amendment rights as an affirmative defense in the trial court and on appeal and "failed to assert current holdings requiring his discharge," Filing No. 15 at 2; (2) induced Petitioner to enter the plea agreement through improper means; (3) failed to assert Petitioner's innocence and object to the trial court's failure to resolve the conflict between Petitioner's claim of innocence and waiver of trial and assign this as plain error on appeal; (4) failed to place the plea agreement on the record; (5) failed to object to, and assign as error on appeal, the trial court's references during sentencing to Petitioner's implied uncharged

---

[2] These documents include Filing No. 26-4 at 5-6; Filing No. 26-7 at 24-41; Filing No. 26-7 at 44-48; and Filing No. 26-15 at 15-27. While Petitioner references these documents specifically, the Court has reviewed the entire record to determine whether Petitioner fairly presented his claim.

conduct, inaccurate information, and Petitioner's silence; and (6) failed to object to, and assign as error on appeal, the trial court's acceptance of the plea.

Petitioner did not raise subparts (1), (2), (3), (5), and (6) in his direct appeal. *See* Filing No. 26-5 at 5-6. Nor did Petitioner raise subparts (1), (2), (3), (5), and (6) in his state motion for postconviction relief, *see* Filing No. 26-15 at 15-27, or in any of his postconviction appeals, *see* Filing No. 26-7; Filing No. 26-12; and Filing No. 26-13. Petitioner cannot raise any of these subparts for the first time in this case because, after a review of the record, Petitioner has not shown that these subparts were unknown to him at the time of his state postconviction motion. As noted above, state prisoners must "present the substance of each federal constitutional claim to the state appellate courts before seeking federal habeas corpus relief." *Kidder v. Frakes*, 400 F. Supp. 3d 809, 815 (D. Neb. 2019). Petitioner has not done so for subparts (1), (2), (3), (5), and (6), and they are procedurally defaulted.

Petitioner's subpart (4) is also procedurally defaulted. The record shows that Petitioner did raise subpart (4) in his direct appeal. Filing No. 26-5 at 5 ("Appellant's trial counsel was ineffective by . . . failing to place the entire plea agreement upon the record."). However, as noted above, a petitioner must pursue a complete round of the state's appellate process before seeking federal habeas relief. *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010). This generally includes seeking discretionary review from the state's supreme court. *Id.* In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented to the trial court, and then in an appeal to either the Nebraska Supreme Court directly or to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules

against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005). Petitioner did not seek further review of this claim on his direct appeal. Further, Petitioner failed to raise the claim in subpart (4) again in his state court postconviction motion, *see* Filing No. 26-15 at 15-27, or in any of his postconviction appeals, see Filing No. 26-7; Filing No. 26-12; and Filing no. 26-13. Accordingly, the claim in subpart (4) is also procedurally defaulted.

## C. Exceptions and Motion for Evidentiary Hearing, Filing No. 37.

Petitioner argues in his Brief, Filing No. 31, his Supplemental Brief, Filing No. 36 at 3-16, and his Motion for Evidentiary Hearing, Filing No. 37,[3] that even if his claims are procedurally defaulted, the Court may still hear his claims. "'The doctrine barring procedurally defaulted claims from being heard is not without exceptions—[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law.'" *Trevino v. Thaler*, 569 U.S. 413, 417 (2013). (quoting *Martinez*, 566 U.S. at 18).

To excuse his procedurally defaulted ineffective assistance of counsel claims, Petitioner directs the court to the United States Supreme Court's decision in *Martinez v. Ryan*, 566 U.S. 1 (2012). Filing No. 31 at 8-9. In *Martinez*, the Supreme Court held that:

---

[3] Petitioner has requested that an evidentiary hearing be conducted on his claims. Rule 8(a) of the *Rules Governing Section 2254 Cases in the United States District Courts* states in pertinent part: "If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." When deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable the habeas petitioner to prove the petition's factual allegations, which, if true, would entitle the petitioner to federal habeas relief on his claims. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). An evidentiary hearing may be held only when the habeas petition "alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing." *Sawyer v. Hofbauer*, 299 F.3d 605, 610 (6th Cir.2002) (internal quotation omitted). For the reasons stated, Petitioner has not demonstrated that an evidentiary hearing is warranted because he has failed to show that his Claims fall within the exceptions allowing federal review of procedurally defaulted claims.

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

Martinez, 566 U.S. at 18.  The Supreme Court elaborated on and expanded this cause exception in Trevino v. Thaler, 569 U.S. 413 (2013).  There, the Supreme Court held that Martinez is applicable not only in circumstances where a state requires a defendant to raise a claim of ineffective assistance of trial counsel in a state collateral proceeding, but also when a state maintains a procedural regime that amounts to such a requirement (i.e., when it is "virtually impossible" for an ineffective assistance claim to be raised on direct review).  Trevino, 569 U.S. at 417.

Assuming, without deciding, that Martinez applies to federal habeas corpus cases arising from Nebraska convictions, the holding in Martinez does nothing to excuse the procedural default of Petitioner's claims.  In Martinez, the Court reasoned that a federal habeas court should "hear a claim of ineffective assistance of trial counsel when an attorney's errors (or the absence of an attorney) caused a procedural default in an initial-review collateral proceeding . . . ." Martinez, 566 U.S. at 15 (emphasis added). Here, for all but one of Petitioner's ineffective assistance claims, the default occurred, not on initial collateral review (i.e. in his postconviction motion), but when he failed to properly raise them in his direct appeal.  This is because Petitioner's counsel on direct appeal was different than his trial counsel.  See Filing No. 26-3 at 4; see also State v. Filholm, 848 N.W.2d 571, 576 (Neb. 2014) ("When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record.  Otherwise, the issue will be procedurally barred.").  Accordingly, the Supreme

16

Court's decision in *Martinez* does not apply here because Nebraska's collateral review process was not the first opportunity Petitioner had to raise the ineffective assistance of trial counsel claims. *See Dansby v. Hobbs*, 766 F.3d 809, 834 (8th Cir. 2014); *Pigee v. Frakes*, No. 4:17CV3157, 2018 WL 2120326, at \*6 n.3 (D. Neb. May 8, 2018).

Additionally, the ruling in *Martinez* does not apply to Petitioner's subpart (4)—that Petitioner's trial counsel was ineffective by failing to place the entire plea agreement upon the record. As noted above, although Petitioner raised subpart (4) in his direct appeal, he did not seek further review of his direct appeal, nor did he raise the claim in subpart (4) again in his state court postconviction motion or in any of his postconviction appeals. Thus, Petitioner's default on this claim occurred, not on "initial" collateral review, but when he failed to properly raise them in a petition for further review to the Nebraska Supreme Court on direct appeal. *See Williams v. Kenney*, No. 4:13CV3170, 2014 WL 5107145, \*6 (D. Neb. Oct. 10, 2014). Further, to the extent Petitioner argues his appellate counsel was ineffective, *Martinez* does not apply to ineffective assistance of appellate counsel claims. *See Hobbs*, 766 F.3d at 833.

Petitioner also mentions "actual innocence" as an excuse from default. A credible showing of actual innocence may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013). To obtain review of an otherwise procedurally barred claim, a petitioner must satisfy a two-part test: (1) the "allegations of constitutional error must be supported with new reliable evidence not available at trial"; and (2) "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Nash v. Russell*, 807 F.3d 892, 898-99 (8th Cir. 2015) (citations omitted).

Petitioner makes only a legal argument to support his claim of actual innocence. *See* Filing No. 31 at 23. Specifically, he argues that he is "legally and factually innocent" because "the conduct he engaged in was the exercise of free speech." *Id.* Though Petitioner references "factual" innocence, he offers no factual support. "The actual innocence exception is concerned with claims of actual, not legal, innocence." *Pitts v. Norris*, 85 F.3d 348, 350 (8th Cir. 1996). Accordingly, Petitioner makes no credible showing of actual innocence to excuse his default.

## C. Motion for Discovery

Petitioner's Motion for Discovery seeks "[p]roduction of Documents, and Disclosure from the State of Nebraska of ALL typed, written, or electronic versions of any and all emails, letters, memos, and any form of communication from Petitioner, the trial and appellate courts, and the prosecuting attorney's office to attorneys in this case." Filing No. 32 at 2. Specifically, Petitioner requests documents concerning:

a) Jailhouse phone recordings;

b) Exculpatory evidence;

c) Documented evidence of text messages from witnesses' phones;

d) Audio files of conversations between Petitioner and counsel;

e) Any letters from Petitioner to any of his attorneys;

f) Appellate and postconviction proceedings.

Filing No. 32 at 2.

Though Petitioner captioned his motion as one for "discovery," the Court will liberally construe the motion as one to expand the record. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course."

*Williams v. Steele*, 2013 WL 5838727, at *2 (E.D. Mo. Oct. 30, 2013) (citing *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)).  Rule 6(a) of the *Rules Governing Section 2254 Cases in the United States District Courts* provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."  "The 'good cause' that authorizes discovery under Rule 6(a) requires a showing 'that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to [habeas] relief.'"  *Rucker v. Norris*, 563 F.3d 766, 771 (8th Cir. 2009) (quoting *Bracy*, 520 U.S. at 909 (quotation omitted)).

In contrast, a motion to expand the record is governed by Rule 7 of the *Rules Governing Section 2254 Cases in the United States District Courts.*  Rule 7 permits courts to direct the parties to expand the record by submitting additional materials relating to the petition.  However, this power is permissive and granted or denied at the court's discretion.

"[T]he standard to expand the state-court record is a stringent one."  *Shinn v. Ramirez*, 142 S. Ct. 1718, 1728 (2022).  "When a petitioner seeks to introduce evidence pursuant to [Rule 7], the conditions prescribed by § 2254(e)(2) must still be met."  *Mark v. Ault*, 498 F.3d 775, 788 (8th Cir. 2007) (citing *Holland v. Jackson*, 542 U.S. 649, 652–53 (2004)).  Courts have likewise suggested that those conditions must be met when a petitioner seeks discovery pursuant to Rule 6.  *See, e.g.*, *Marcyniuk v. Payne*, 39 F.4th 988 (8th Cir. 2022); *Worthington v. Roper*, 2008 WL 2952116 (E.D. Missouri, Eastern Division, July 28, 2008).

Under 28 U.S.C. § 2254(e)(2) "[a] habeas petitioner must develop the factual basis of his claim in the state court proceedings rather than in a federal evidentiary hearing

19

unless he shows that his claim relies upon a new, retroactive law, or due diligence could not have previously discovered the facts." *Cox v. Burger*, 398 F.3d 1025, 1030 (8th Cir. 2005). A petitioner must also show that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). "Federal courts may conduct evidentiary hearings and supplement the state record only in extraordinary circumstances because of the obligation to defer to state courts' factual determinations." *Hall v. Luebbers*, 296 F.3d 685, 700 (8th Cir. 2002) (citing 28 U.S.C. § 2254(e)(1) and (e)(2)). A federal habeas court is "not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." *Williams v. Taylor*, 529 U.S. 420, 437 (2000).

Here, Petitioner asserts that because his appellate counsel on direct appeal was unable to develop the record, "this duty became Petitioner's responsibility, which passed to postconviction counsel after he was assigned." Filing No. 32 at 2. Petitioner claims that he was thus deprived of effective assistance of counsel when developing the record during postconviction proceedings. Petitioner claims he has established good cause for discovery because production of the requested documents will establish "that Petitioner's claims are not procedurally barred, and that he is entitled to a de novo review of his claims." Filing No. 32 at 2.

Petitioner does not assert that he is entitled to relief through a new or retroactive law, nor does he explain why due diligence could not have previously discovered the facts contained in the documents he requests. The U.S. Supreme Court has held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated

20

the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).  Thus, the record cannot be expanded in this case to address Petitioner's claims that were rejected on the merits by the state appellate courts absent the necessary showing under 28 U.S.C. § 2254(e).  Petitioner does not explain how further factual development would show that he is entitled to habeas relief.  Specifically, Petitioner fails to explain how further discovery would show his habeas claims are not procedurally defaulted.  The Court does not address the merits of a procedurally defaulted claim unless a petitioner can overcome the default.  For the reasons describe above, Petitioner has not overcome any such default.  Thus, to the extent Petitioner's motion seeks to expand the record with documents outside of the state court proceedings, it fails to address the requirements of 28 U.S.C. § 2254.  Accordingly, he has not established he is entitled to expand the record and his request to expand the record to include the broad categories of documents listed is denied.

**D.  Motion for Additional Records, Filing No. 29, and Supplement, Filing No. 30**

Petitioner also filed a Motion for Additional Records and Supplemental Motion for Additional Records that request that documents from his state and federal habeas proceedings be added to the record.  The Court again construes Petitioner's Motion and Supplemental Motion as a motion to expand the record pursuant to Rule 7 of the Rules Governing Section 2254 Cases.  Respondent was previously ordered to file all state court records relevant to its answer and Petitioner's claims.  Filing No. 20 at 6.  Most of the documents Petitioner requests were already filed in the Court's records.  *See* Filing No. 26-14; Filing No. 26-15.  The Court need not require Respondent to provide these as additional documents.

To the extent Petitioner's motion seeks to expand the record with documents outside of the state court proceedings, he fails to meet the requirements of § 2254(e). Petitioner has not provided sufficient indication as to why the documents he seeks to add to this case are relevant or should be considered by the Court. Although Petitioner broadly asserts that some of the requested documents will "show that certain claims are not procedurally barred because the Nebraska Court of Appeals refused to docket the appeal," Filing No. 31 at 19, Petitioner makes no connection between the claims remaining in his Petition and the necessity of any of the additional documents. Without some showing of why each of the specific documents is necessary, the Court will not allow the record to be expanded.

Petitioner also appears to seek to add documents outside his state court proceedings. To the extent Petitioner's motion seeks to expand the record with documents outside of the state court proceedings, he does not address the requirements of 28 U.S.C. § 2254, most notably the due diligence requirement that the contents of the proposed expansion could not have been previously discovered. Accordingly, Petitioner has not established he is entitled to expand the record. *See Sanders v. Cruickshank*, No. 4:17CV3020, 2017 WL 4179983, at *4 (D. Neb. Sept. 20, 2017). Accordingly, Petitioner's Motion for Additional Records and Supplement, construed as a motion to expand the record, are denied.

**E. Request for Documents, Filing No. 38**

Petitioner also requests a copy of the entire record on file before the Court in this case. Petitioner explains that because he does not have access to the Court's CM/ECF system, he is unable to cite to page numbers from the record unless he is provided with

a complete copy of the record.  *See* Filing No. 38 at 1.  The Court will not provide a copy of the entire record before the Court.  The entire record consists of over one thousand pages of documents.  Moreover, Petitioner is not prejudiced because the Court has been able to locate the documents, he references in his briefing even without citations to page numbers in the CM/ECF system.  Accordingly, the Request for Documents is denied.

## F.  Motion to Appoint Counsel, Filing No. 33

Petitioner requests that the Court appoint counsel in this case "because counsel is necessary for effective discovery." Filing No. 33 at 1.  "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required.  *See, e.g., Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted).

This case is not unusually complex, and Petitioner has shown he is capable of reviewing the record relevant to his case and skillfully articulating his arguments. Moreover, for the reasons discussed above, no evidentiary hearing is required for this case, nor is additional discovery necessary.  Accordingly, appointment of counsel is not warranted in this case.

**G. Conclusion**

As all of the claims set forth in the Petition are procedurally defaulted, this Court cannot consider them here.  Furthermore, Petitioner has failed to show "cause and prejudice" or a "miscarriage of justice," which are the only exceptions allowing federal review of procedurally defaulted claims.  *See Dretke v. Haley*, 541 U.S. 386, 392–93 (2004); *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012).  An independent review of the record also confirms that there is no reason to believe that "cause and prejudice" or a "miscarriage of justice" exists.  Accordingly, Petitioner's habeas claims must be dismissed with prejudice.  *Armstrong v. Iowa*, 418 F.3d 924, 926–27 (8th Cir. 2005) (dismissal with prejudice is appropriate where the ground for dismissal is procedural default).

### IV. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability.  28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1).  The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set for in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000).  The Court has applied the appropriate standard and determined Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1.      Petitioner's Petition, Filing No. 1, is dismissed with prejudice.

2.     Petitioner's Motion for Additional Records, Filing No. 29; Supplemental Motion for Additional Records, Filing No. 30; Motion for Discovery, Filing No. 32; and Motion for Documents, Filing No. 38; are denied.

3.     Petitioner's Motion for Appointment of Counsel, Filing No. 33, is denied.

4.     Petitioner's Motion for Leave to File Supplemental Brief, Filing No. 36, is granted.

5.     Petitioner's Motion for Evidentiary Hearing, Filing No. 37, is denied.

6.     The Court will not issue a certificate of appealability in this matter.

7.     The Court will enter a separate judgment in accordance with this order.


Dated this 4th day of February, 2025.


                                        BY THE COURT:

                                        _Joseph F. Bataillon_

                                        Joseph F. Bataillon
                                        Senior United States District Judge